# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

GLEN DALE SUMMERS,            :
AIS 216967,

                            :

    Petitioner,

                            :

vs.                                                    CA 07-0543-KD-C

                            :

KENNETH JONES,

                            :

    Respondent.


## SUPPLEMENTAL REPORT AND RECOMMENDATION

This cause is back before the undersigned for entry of a supplemental report and recommendation based upon a remand by the Eleventh Circuit Court of Appeals, issued as mandate on March 9, 2009. (Doc. 27) The court of appeals vacated the judgment of this Court and remanded the case solely for consideration of whether petitioner's "convictions for first-degree sodomy in Counts 32 and 33 in his indictment violated the principles of double jeopardy." (*Id*. at 2; *see also id*. at 3 ("After reviewing the record and reading the parties' briefs, we conclude that the district court's order violated *Clisby* [*v. Jones*, 960 F.2d 925 (11th Cir. 1992)] because it adopted the magistrate's report and recommendation, which was silent on Summers's argument that Counts 32 and

33 violated double jeopardy. Thus, the district court failed to address one claim asserted in Summers's § 2254 petition.''))

The record reveals that Count 32 of the indictment charged that Summers "did[] engage in deviate sexual intercourse[1] with B[.] W[.], the said B[.] W[.] being less than twelve years of age, and the said Glenn Summers being sixteen years of age or older, in violation of §13A-6-63(a)(3) of the Code of Alabama,"[2] and Count 33 charged that Summers "did[] engage in deviate sexual intercourse with B[.] W[.], the said B[.] W[.] being less than twelve years of age, and the said Glenn Summers being sixteen years of age or older, in violation of §13A-6-63(a)(3) of the Code of Alabama[.]" (Doc. 12, Exhibit A, INDICTMENT (footnotes added)) In response to the defendant's motion for more definite statement, the state gave further explanation of Counts 32 and 33 as follows:

> **Count XXXII**
> **At the home of Glen Summers located at or near 25042 County Road 38, Summerdale, during or around Mardi Gras, Glen Summers engaged in deviate sexual intercourse**

[1]      Deviate sexual intercourse is defined as "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." Ala.Code § 13A-6-60(3).

[2]      "A person commits the crime of sodomy in the first degree if . . . [h]e, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old." Ala.Code § 13A-6-63(a)(3).

> with B[.] W[.], date of birth 12-12-90, by putting his penis to
> her anus.
>
> **Count XXXIII**
> **At the home of Glen Summers located at or near 25042**
> **County Road 38, Summerdale, during or around Mardi**
> **Gras, Glen Summers engaged in deviate sexual intercourse**
> **with B[.] W[.], date of birth 12-12-90, by putting his mouth**
> **on her vagina.**

(*Id.*, MORE DEFINITE STATEMENT) B.W. testified that during Mardi Gras of 1999 Summers "put his private on [her] back private[,]" (T.T. 311; *see also* T.T. 292 & 306) and that he put his mouth on her "front private part" (T.T. 312; *see also* T.T. 292 ("[H]e put his tongue on my front private[.]")).

While in his petition Summers merely complained of a double jeopardy violation on the basis that he could not be convicted of sexual abuse in the first degree and rape in the first degree (Doc. 1, at 7), in his memorandum in support of his petition he also contended that his sodomy convictions arising from Counts 32 and 33 of the indictment "arose from the same act and he could not be convicted of both." (Doc. 2, at 13)

The Fifth Amendment provides, in pertinent part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.  In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the Supreme Court held that "where

the same act or transaction constitutes a violation of two distinct statutory

provisions, the test to be applied to determine whether there are two offenses

or only one, is whether each provision requires proof of a fact which the other

does not."

The *Blockburger* test has no real application here because this is not a

situation in which the same act constitutes a violation of two distinct statutory

provisions. Instead, what is at issue is whether separate acts violative of a

single statute that occur during an encounter constitute one act or violation of

the statute or more than one act or violation of the statute that can be punished

separately. The clear answer, based upon a review of Alabama case law and

other pertinent case law,[3] is that Summers sodomized B. W. twice during

_____

[3]        Petitioner's citation to *Ex parte Robley*, 920 So.2d 1069 (Ala. 2004), avails him
of nothing because that case is inapposite to the case at hand. In *Robley*, the Alabama Supreme
Court held that separate convictions for assault for injuries to a single victim of a car accident
based on two subsections of the same statute violated the prohibition against double jeopardy. *Id.*
at 1070-1071 & 1071 ("Robey was convicted of two counts of assault in the first degree arising
out of the injuries to McNabb. On appeal, Robey argues that these two convictions, which are
based on separate subsections of § 13A-6-20(a), violate his double-jeopardy rights. With good
reason, the State concedes this issue. In *Ex parte Rice*, 766 So.2d 143, 148 (Ala. 1999), we
recognized the long-standing proposition that 'the Double Jeopardy Clause, as a general rule,
prohibits the State from subjecting a defendant to multiple punishments for the same offense.' . .
. We also stated in *Rice* that 'when a statute provides alternative or different methods of
committing the same offense, each alternative method is not to be treated as a separate offense.' .
. . In the instant case, Robey was convicted of two counts of first-degree assault under two
subsections of the same Code section. . . . We conclude that the offense of first-degree assault
under § 13A-6-20(a) 'may be committed by several different methods, and the State may allege
and prove any one or all of those various methods in its attempt to establish the defendant's
guilt.' . . . We have found no indication that the Legislature intended to impose multiple

Mardi Gras 1999, once when he put his penis to her anus and again when he put his mouth on her vagina, and was lawfully punished for each act of sodomy.

In *Rhodes v. State*, 651 So.2d 1122, 1124 (1994), the Alabama Court of Criminal Appeals determined that "[t]hough the acts [of sodomy and sexual abuse of the twelve-year-old victim by her uncle] occurred during the course of one evening, it is clear from [the victim's] testimony that two separate instances were involved." *See also Holley v. State*, 671 So.2d 131, 132-133 (Ala.Crim.App. 1995) (finding that the appellant's acts constituting sodomy and sexual abuse of his nine-year-old daughter, which occurred during the course of one night, were separate and distinct criminal offenses for which he could be lawfully punished); *see Hendrix v. State*, 589 So.2d 769, 772 (Ala.Crim.App. 1991) (sodomy and sexual abuse "were separate and distinct crimes which arose as a result of different conduct[,]" and "'[w]here there is evidence of separate and distinct acts constituting separate criminal offenses,

---

punishments under the separate subsections of § 13A-6-20(a) when the actions described in each of those subsections are based on the same conduct of the accused, as well as the same injuries to the same victim. Therefore, punishing Robey twice for the same offense–first-degree assault–violated his double-jeopardy rights."). In other words, Robey was punished twice for the same assault on McNabb. Here, petitioner has not been punished twice for the same sodomy on B.W.; instead, he has been punished for twice sodomizing B.W., once for putting his penis to B.W.'s anus and second for putting his mouth on B.W.'s vagina. Each sodomy constituted a separate crime and was properly punished as such.

separate convictions and sentences may be legally had under multiple counts of an indictment.'"). While the foregoing cases clearly presage the answer to petitioner's double jeopardy argument, a clearer indication of how the Alabama courts will decide this issue is divined from *Madden v. State*, 602 So.2d 1193 (1991), wherein the Alabama Court of Criminal Appeals rejected the appellant's argument that he was improperly sentenced as a habitual offender with three prior felonies since two of those felony convictions were sodomy convictions from Georgia, one anal and the other oral, which allegedly arose from the same transaction. *Id*. at 1194.

> [A]lthough the sodomies occurred close in time, they constituted two acts. Although a defendant is often not charged for two counts of the same offense where he committed the acts as part of the res gestae, clearly he violated the statute twice and thus could be charged and convicted twice. The Georgia convictions resulted from a two-count indictment charging the appellant with aggravated sodomy for unlawfully inserting his penis, forcibly and against the victim's will, into the mouth of the victim and for unlawfully inserting his penis, forcibly and against the victim's will, into the anus of the victim. In Alabama, § 13A-6-63(a)(1), *Code of Alabama* 1975, charges a person with sodomy in the first degree if "[h]e engages in deviate sexual intercourse with another person by forcible compulsion." Deviate sexual intercourse is defined as "[a]ny act of sexual gratification between persons not married to each other, involving the sex organs of one person and the mouth or anus of another." Section 13A-6-60(2), *Code of Alabama* 1975. There is no language in the statute charging that the violations of this offense must be combined into one violation where they

6

were close in time.[4]

.     .     .

Therefore, we hold that the appellant was properly
sentenced [under] the Habitual Felony Offender Act, for having
three prior felony convictions, although the two sodomy counts
from Georgia allegedly arose from the same transaction.

*Id*. at 1194 & 1194-1195 (footnote added).

Based upon the foregoing, as well as the persuasive determination by

the Sixth Circuit in *Cowherd v. Million*, 260 Fed.Appx. 781 (2008) that the

petitioner's double jeopardy challenge had no merit since he was properly

convicted of two counts of rape and four counts of sodomy against the same

victim based on a sequence of events occurring on a single day, *id*. at 787

("The indictment, despite inartful drafting, nevertheless charges Cowherd with

two counts of vaginal rape and four counts of sodomy. The only testimony at

trial regarding the alleged crimes clearly indicated that the petitioner twice

penetrated Galbreath's vagina with his penis against her will, twice penetrated

her anus with his penis against her will, and twice forced his penis into her

_____

[4]      *Cf.  R.L.G., Jr.  v. State*, 712 So.2d 348, 359 (Ala.Crim.App. 1997) ("We are
particularly impressed with the following consideration by the *Snook* court: 'As we stated in an
analogous context, "each separate act of forcible sexual intercourse constitutes a separate crime. .
. . A different view would allow a person who has committed one sexual assault upon a victim to
commit with impunity many other such acts during the same encounter."'"), *aff'd*, 712 So.2d 372
(Ala. 1998).

mouth against her will. Moreover, the jury convicted Cowherd of each of the two rape charges and of each of the four sodomy allegations. The confluence of the charges, the trial testimony, and the jury verdicts thus ensures both that Cowherd could successfully plead these convictions as a bar to any future prosecution based upon these acts, and that Cowherd was punished only for these six crimes and only once for each of the six offenses. The petitioner's double jeopardy challenge is thus without merit, and the district court appropriately concluded that the state court's treatment of this issue was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent relevant to the claim."),[5] the undersigned recommends that the Court find that petitioner's convictions for first-degree sodomy as set forth in Counts 32 and 33 of the indictment did not violate principles of double jeopardy. To find otherwise would be to signal to defendants that having once raped or sodomized a victim during a single encounter (whether that encounter be over the course of one day or several days) they can then rape or sodomize that victim with impunity during the same encounter without fear of being convicted and punished for more than one count of rape or sodomy. This Court should decline to chart such a course.

---

[5]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

## <u>CONCLUSION</u>

The Magistrate Judge recommends that the Court find that petitioner's convictions for first-degree sodomy as set forth in Counts 32 and 33 of the indictment did not violate principles of double jeopardy. Having now considered all claims raised by petitioner in his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 (Docs. 1-2), *see Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), the undersigned again finds (*see* Doc. 17) that petitioner's rights were not violated in this cause and that his request for habeas corpus relief should be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of April, 2009.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

9

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)©); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


         s/WILLIAM E. CASSADY_____
        UNITED STATES MAGISTRATE JUDGE